# In the United States District Court for the Southern District of Georgia Waycross Division

BRITTANY AMMONS,

    Plaintiff,

v.

BRANTLEY COUNTY BOARD OF COMMISSIONERS and LINDA MURRELL, in her individual and official capacities as Director of the Brantley County 911 Center;

    Defendants.

5:16-CV-78

## ORDER

Giving a negative reference, with no details and no reason other than retaliation, can be an adverse employment action. Thus, Defendants Brantley County Board of Commissioners and Linda Murrell's motion to dismiss Plaintiff Brittany Ammons ("Ammons") Family and Medical Leave Act ("FMLA") claim will be **DENIED**.

## BACKGROUND

For the purpose of considering this motion, the Court assumes the truth of the facts alleged in Plaintiff Brittany Ammons' ("Ammons") complaint. Fed. R. Civ. P. 12(b)(6). It also considers facts alleged in Ammons' complaint in an earlier case, because she attached it, refers to it, it is

central to her claim, and its authenticity is not in dispute. See Graveling v. Castle Mortg. Co., 631 F. App'x 690, 693 (11th Cir. 2015) (per curiam) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).

**Defendants Fired Ammons after She Made FMLA Requests**

Ammons worked for Defendant Brantley County Board of Commissioners as a 911 dispatcher for nearly seven years, until December 19, 2012. Dkt. No. 14 ¶ 7. Defendant Murrell supervised her. Id. ¶ 6. Ammons was an excellent employee. Id. ¶¶ 41-45. She was granted FMLA leave for June 6-8, 2012, to care for her husband, Daniel. Dkt. No. 14-1 ¶¶ 16-17, 33-37. Daniel, a Brantley County sheriff's deputy, needed major surgery due to a bad auto accident. Id. ¶¶ 27, 29. His surgeon rescheduled to June 8, 2012 while Daniel and Ammons were headed to Savannah on June 4, 2012. Id. ¶ 35. Three days after the surgery, Ammons went back to work. Id.

Meanwhile, Murrell had suspended her without pay. Id. ¶ 39. Ammons requested FMLA leave for June 12, 2012, but this was denied, leaving Daniel with no caregiver. Id. ¶¶ 41-43. That day, "the metal plate which had been inserted in his chest sprung loose, causing him excruciating pain," and he later needed two more surgeries. Id. ¶¶ 44-45. Ammons did not seek FMLA leave to care for Daniel following these because she had been suspended for doing so before. Id. ¶¶ 46-47.

Ammons appealed the suspension. Id. ¶ 49. The appeal was settled around September 2012. Id. ¶¶ 50-51. Two months later, on December 5, 2012, Murrell moved Ammons to day shift, even though Ammons had said this would interfere with childcare duties. Id. ¶¶ 59-60. The next day, Murrell had Ammons investigated for a security violation. Id. ¶ 53. Ammons was cleared of wrongdoing on July 5, 2013. Id. ¶ 55. But she had already been fired on December 19, 2012. Id. ¶ 62.

**Murrell Gives Negative Job References**

Ammons sued under FMLA in September 2013. Dkt. No. 14 ¶ 16. The case settled on October 9, 2014. Id. ¶ 18. Under the settlement contract, Defendants agreed to give Ammons a favorable job reference by October 16, 2014, and to "take no action which was intended, or would reasonably be expected, to harm or damage the reputation of [Ammons]." Id. ¶¶ 27-28. At the mediation's end, Murrell asked whether she "had to" shake Ammons' hand, then declined to do so. Id. ¶¶ 22-23.

Ammons started looking for a job in October 2014, applying for two or three positions weekly (except in January 2016). Id. ¶¶ 30-31. She has only received one callback. Id. ¶ 32. In early 2015, two people told Ammons that when they called Murrell, she "stated emphatically that she would not hire [Ammons], nor . . . recommend her for employment."

Id. ¶ 35. Ammons had a reference-check company make an inquiry. Id. ¶ 36. Murrell told it she would "[a]bsolutely not!" recommend Ammons. Id. ¶ 37; Dkt. No. 14-2 at 2. Ammons alleges Murrell "has supplied similar, or worse, negative employment references to other employers." Dkt. No. 14 ¶ 39.

**Ammons Brings the Present Suit and Defendants Move to Dismiss**

Ammons filed the present suit on September 8, 2016. Dkt. No. 1. She alleges retaliation under FMLA and breach of contract. Dkt. No. 14 ¶¶ 55-75. Defendants moved to dismiss, claiming Ammons failed to plead an adverse employment action. Dkt. No. 15 at 2. Ammons responded. Dkt. No. 20. Defendants did not reply. Their motion is ripe for disposition.

**LEGAL STANDARD**

A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must "contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). These "must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4

**DISCUSSION**

Defendants' motion to dismiss will be denied, because Murrell's negative recommendations can be an adverse employment action. An FMLA-retaliation plaintiff has to show "that: (1) she is entitled to the claimed benefit, (2) she suffered an adverse employment action, and (3) the adverse action was 'intentional' and 'motivated' by her participation in the protected activity, establishing a causal connection." Bentley v. Orange County, 445 F. App'x 306, 309 (11th Cir. 2011). Defendants' argument is narrow, going only to the second element. They claim that "an employment reference must be *false*, not merely negative, to be actionable," and Murrell simply gave her honest opinion that she would not hire or recommend Ammons. Dkt. No. 15 at 6.

This is an incorrect reading of the law. To be sure, the Eleventh Circuit has not specifically analyzed this question. See Mitchell v. Mercedes-Benz U.S. Int'l, Inc., 637 F. App'x 535, 539-40 (11th Cir. 2015) (per curiam) ("The district court ruled that 'a negative employment reference, even if providing only true information, can qualify as an adverse employment action. . . .' . . . Based on our review of [the plaintiff's] claims concerning each of these prospective employers, we agree with the district court."). But this Court has held that "'false or negative employment references' may constitute

5

adverse employment actions." Salazar v. McGillicuddy Works, LLC, No. CV 112-144, 2012 WL 6892720, at *3 (S.D. Ga. Dec. 20, 2012), adopted, 2013 WL 209210 (S.D. Ga. Jan. 17, 2013) (emphasis added) (citing Chapman v. W. Express, Inc., 815 F. Supp. 2d 1274, 1283 (S.D. Ala. 2011)). This holding is echoed by three of our sister district courts. Mitchell, 2015 WL 1310721, at *7; Tobar v. Fed. Defenders of Middle Dist. of Ga., Inc., No. CV 512-416, 2014 WL 11290900, at *1 n.1 (M.D. Ga. Oct. 31, 2014); Chapman, 815 F. Supp. 2d at 1283. It is the rule of the Ninth and Tenth Circuits. Hillig v. Rumsfeld, 381 F.3d 1028 (10th Cir. 2004); Hashimoto v. Dalton, 118 F.3d 671 (9th Cir. 1997).

Most importantly, it makes sense. Retaliation liability is based on the employer's making the employee's life harder because the employee sought protection afforded by federal law. Allegedly, Murrell did just that to Ammons. For now, Murrell's defense is that she used loaded silence instead of a blatant lie. If proven, such a clever tactical choice cannot be turned into valid legal armor. Besides, had prospective employers insisted upon Murrell explaining the basis for her negative recommendations, she allegedly would have had to confess to unlawful retaliation. FMLA's protection cannot turn on how interested prospective employers are in interrogating employees' former bosses. Thus, a negative

6

recommendation can be actionable, and Ammons has pled an adverse employment action.[1]

Defendants' argument to the contrary relies on the Seventh Circuit's rule that "adverse" means "the dissemination of false reference information." Szymanski v. County of Cook, 468 F.3d 1027, 1029 (7th Cir. 2006). But neither Szymanski nor appellate cases citing to it explain why this must be so, and the Court cannot divine the reason. See generally id.; Mascone v. Am. Physical Soc'y, Inc., 404 F. App'x 762, 765 (4th Cir. 2010) (per curiam); cf. Gatto v. Indian Prairie Sch. Dist., 508 F. App'x 554, 2013 WL 563287, at *1 (7th Cir. Feb. 15, 2013) (Posner, Wood, & Tinder, JJ.) (table opinion) ("[A] negative reference can constitute retaliatory conduct . . . ."). As for Defendants' reliance on Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 178-79 (2d Cir. 2005), the Second Circuit merely held that "[i]n the context of th[at] case, . . . a reasonable jury . . . could find that [a] *false* statement negatively affected [the plaintiff's] chances of securing employment." Here, a factfinder could find that Murrell's *negative* statement did the same to Ammons.

---

[1] Not every negative recommendation will necessarily be actionable. There may be cases requiring a factfinder to weigh the need for employers to get truthful information about job applicants against employees' need for protection from unlawful retaliation. See Knapp v. Gulf Cty. Sch. Bd., No. 5:16CV20, 2017 WL 74988 (N.D. Fla. Jan. 6, 2017). But this is not one of them. Murrell allegedly only said she would "[a]bsolutely not!" recommend Ammons, without communicating any potentially pertinent factual information. Dkt. No. 14 ¶ 37; Dkt. No. 14-2 at 2.

AO 72A
(Rev. 8/82)

Lastly, Defendants claim Murrell merely truthfully gave her own opinion, without intending to injure Ammons. Dkt. No. 15 at 7. But "very unfavorable" opinion references can be actionable, and evidence of retaliatory intent can be circumstantial. Castillo v. Roche Labs., Inc., 467 F. App'x 859, 863 (11th Cir. 2012) (per curiam); Hillig, 381 F.3d at 1035 (finding actionable reference to plaintiff as "shitty employee"). Here, Murrell allegedly gave Ammons a "very unfavorable" opinion reference, and there is circumstantial evidence of retaliatory intent in what preceded Ammons' termination and in Murrell's refusal to shake her hand at the end of mediation. Thus, Defendants' arguments fail.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint, dkt. no. 15, is **DENIED**.

**SO ORDERED**, this 6th day of February, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA